**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

MICHAEL J. MEIGHAN,

    Plaintiff,

vs.

TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., and TRANSGUARD GENERAL AGENCY, INC.

    Defendants.

No. C 13-3024-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT TGA'S MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION ............................................................................... 2*
   *A.  Meighan's Original Complaint ................................................ 2*
   *B.  Meighan's Amended Complaint .............................................. 4*
   *C.  TGA's Motion To Dismiss The Amended Complaint ..................... 6*

*II. LEGAL ANALYSIS ............................................................................ 8*
   *A.  TGA's Challenges To Personal Jurisdiction, Sufficiency Of Process, And Service Of Process ................................................ 8*
   *B.  TGA's Challenge To The Statement Of Claims ........................... 8*
       *1.  Applicable Standards For Dismissal Pursuant To Rule 12(b)(6) ........................................................... 8*
       *2.  Analysis ...................................................................... 10*
           *a.  Matters outside the pleadings ................................ 10*
           *b.  Plausibility of Meighan's allegations of joint wrongdoing ....................................................... 11*
   *C.  Another Opportunity To Replead Claims .................................. 14*

*III. CONCLUSION ................................................................................. 16*

Can an insured remedy his failure to allege any wrongful conduct at all by a defendant insurance agency, on claims of breach of contract and bad faith denial of claims, by the simple expedient of filing an amended complaint that alleges that the defendant insurer and defendant insurance agency individually and jointly engaged in the wrongful conduct at issue and are "jointly and severally liable" for it, and then changing all of the former references to a single defendant to mean both defendants "collectively"? I think not.

## I. INTRODUCTION

### A. *Meighan's Original Complaint*

In his original Complaint (docket no. 2), filed May 10, 2013, plaintiff Michael J. Meighan, an independent contractor who drove semi-tractor-trailers for Mid-Seven Transportation, Inc., asserted claims of breach of contract (Count I) and bad faith denials of occupational injury insurance coverage (Count II) against defendants TransGuard Insurance Company of America, Inc., which he identified as "Transguard," and TransGuard Agency, Inc., which he identified as "TGA." Meighan alleged that both Transguard and TGA are incorporated and have their principal places of business out-of-state, so jurisdiction was based on diversity of citizenship. Meighan alleged that he purchased the insurance policy in question, insured by Transguard, through the National Association of Independent Truckers (NAIT), which is the group policy holder, and TGA, as Transguard's authorized agent. The original Complaint expressly alleged misconduct by Transguard, but the only references to TGA in the pleading of the claims were indirect ones that "*Defendants* had no reasonable basis for denying Meighan's claim when the December 1, 2011 notice was issued," and that

"*Defendants* knew or had reason to know on December 1, 2011, that their denial was without a reasonable basis." Complaint, ¶¶ 34-35 (emphasis added). The insurance contract at issue was not attached to Meighan's original Complaint.

Transguard filed an Answer (docket no. 7) to Meighan's original Complaint on July 31, 2013, denying Meighan's claims and asserting certain affirmative defenses, but did not move to dismiss on the basis of any of these affirmative defenses. On July 22, 2013, however, TGA filed a Motion To Dismiss (docket no. 6), asserting lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(2), (b)(4), (b)(5), and (b)(6) of the Federal Rules of Civil Procedure, respectively. In support of dismissal for lack of personal jurisdiction, TGA asserted that it does not have the necessary contacts with Iowa to support either general or specific personal jurisdiction. In support of dismissal for failure to state a claim, TGA argued that it did not issue the policy in question and that Meighan had alleged that Transguard breached the policy and denied benefits in bad faith, but had not alleged any breach of obligations by TGA as the insurance agency. In support of dismissal for insufficient process and insufficient service of process, TGA argued that, because Meighan had not alleged any tort or contract claim against it, service on the Iowa Secretary of State pursuant to IOWA CODE § 617.3 was not proper service on TGA. TGA attached an Affidavit of its Assistant Vice President in support of its motion, averring that TGA lacks contacts with Iowa, and excerpts of insurance documents for Meighan's occupational accident insurance.

On August 5, 2013, in response to TGA's Motion To Dismiss, Meighan filed an Amended Complaint (docket no. 8), as a matter of course, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, "to allege that the above named Defendants [identified as Transguard and TGA] individually and jointly breached the contract

3

described herein, denied benefits in bad faith, and intentionally inflicted emotional distress upon Meighan." Amended Complaint, unnumbered second paragraph. On August 5, 2013, Meighan also filed his Resistance (docket no. 9) to TGA's Motion To Dismiss the original Complaint. In his Resistance, Meighan asserted that he had cured any deficiencies in his original Complaint by filing his Amended Complaint, which he contended included allegations that both defendants are responsible parties under all counts and causes of action. Meighan attached various documents to his Resistance to TGA's Motion To Dismiss, consisting of documents received with his insurance policy, the entire policy, and a corporate family tree of companies owned by Peter R. Kellogg, including Transguard, TGA, and NAIT.

Whether or not Meighan's Amended Complaint actually cures the deficiencies in his original Complaint, I find that Meighan's filing of the Amended Complaint and TGA's filing of a Motion To Dismiss Plaintiff's Amended Complaint (docket no. 10) moot TGA's original Motion To Dismiss. Therefore, TGA's July 22, 2013, Motion To Dismiss (docket no. 6) is denied as moot.

### B. *Meighan's Amended Complaint*

As mentioned above, Meighan filed his Amended Complaint (docket no. 8) in an attempt to remedy the deficiencies in his original Complaint identified in TGA's Motion To Dismiss. More specifically, after identifying the two defendants, the Amended Complaint adds the following allegations:

> 3. . . . Hereinafter both TransGuard General Agency, Inc. and TransGuard Insurance Company of America, Inc. are referred to collectively as "TransGuard" or "Defendant(s)."
>
>     \* \* \*

4

> 6. TransGuard has continuous and systematic contacts within the state of Iowa in that it has numerous, ongoing contractual relationships with residents of the state of Iowa.
>
> 7. This Court has specific jurisdiction of the causes of action alleged in this Complaint.

Amended Complaint, ¶¶ 3, 6-7. Thereafter, all allegations that formerly identified only one defendant by name or "defendants" have been replaced with "TransGuard" or "Defendants," meaning *both* TransGuard Insurance Company (which I will now call TGIC) and TGA. Meighan has also added the following to the "Factual Allegations Common To All Claims":

> 19. TransGuard General Agency, Inc. and TransGuard Insurance Company of America, Inc. assumed joint and several responsibility for the payment of insurance benefits and administration of the Policy.
>
> * * *
>
> 22. TransGuard General Agency, Inc. and TransGuard Insurance Company of America, Inc. each used the name "TransGuard" to represent their respective corporate identities to the public.

Amended Complaint, ¶¶ 19, 22. Meighan also added an allegation that some portions of his insurance premiums were "comingled" with the assets of Peter R. Kellogg, the shareholder in various private companies, including TGIC and TGA. Meighan's Amended Complaint also adds a third claim, for intentional infliction of emotional distress, based on allegations that a representative of the defendants, who was employed by "IAT Group," intimidated and attempted to bully Meighan into retracting his claim for benefits. Amended Complaint, Count III.

Meighan did not attach the insurance contract in question to the Amended Complaint, either. The Amended Complaint does refer to Exhibit 2 to Meighan's

5

Resistance to TGA's Motion To Dismiss, however, which Meighan alleges shows private companies, including TGIC, TGA, NAIT, and IAT, in which Peter R. Kellogg is the sole shareholder.

On August 19, 2013, TGIC filed its Answer (docket no. 11) to Meighan's Amended Complaint, again denying Meighan's breach-of-contract and bad-faith claims and adding a denial of his claim of intentional infliction of emotional distress, and again asserting various affirmative defenses. TGIC again did not file any motion to dismiss. TGA, however, once again moved to dismiss Meighan's Amended Complaint.

### C. *TGA's Motion To Dismiss The Amended Complaint*

On August 19, 2013, TGA filed its Motion To Dismiss Plaintiff's Amended Complaint (docket no. 10), asserting essentially the same grounds for dismissal of Meighan's breach-of-contract and bad-faith claims that it had asserted as to Meighan's original Complaint, thus, denying that Meighan had cured the deficiencies in the pleading of those claims against TGA. TGA's Motion To Dismiss Plaintiff's Amended Complaint adds arguments that emotional distress is not a particularly likely result or natural and probable consequence of ordinary insurance contracts, that emotional distress damages are not available in the context of the denial of insurance benefits, and that Meighan seeks emotional distress damages on the basis of actions of an investigator not employed by TGA. TGA attached no exhibits to its Motion To Dismiss Plaintiff's Amended Complaint, but incorporated by reference materials that it had attached to its original Motion To Dismiss.

On September 3, 2013, Meighan filed his Resistance To Defendant [TGA's] Motion To Dismiss Plaintiff's Amended Complaint (docket no. 14). In that Resistance, Meighan incorporates by reference his argument in his Resistance (docket no. 6) to TGA's original Motion To Dismiss that there is a reasonable inference of personal

6

jurisdiction over TGA from his allegations that TGA has ongoing contacts with Iowa through insurance contracts with Iowa residents, including the insurance contract at issue here. He also asserts that he has stated claims against TGA upon which relief can be granted, because he has alleged that TGA and TGIC are jointly and severally liable for payment and administration of the Policy according to its terms and because TGA, as TGIC's agent, acted as TGIC's "alter ego." Finally, as to the deficient service and deficient process claims, Meighan argues that he has alleged tort and contract claims against TGA, and that TGA's arguments that it did not breach the contract or act in bad faith, because it acted merely as TGIC's agent, do not merit additional discussion.

In his Resistance To Defendant [TGA's] Motion To Dismiss Plaintiff's Amended Complaint, Meighan added his response to TGA's arguments for dismissal of his claim of intentional infliction of emotional distress. More specifically, he asserted that he has stated a plausible claim for intentional infliction of emotional distress against both corporate defendants in his Amended Complaint, because the investigator that he alleges intentionally inflicted emotional distress in an attempt to bully him into dropping his claims for insurance benefits was acting as an agent for both TGIC and TGA. Meighan also added an argument that TGA's motion is premature, because discovery has yet to occur and is necessary to determine the liability of the myriad business entities that are held under the umbrella of IAT Reinsurance Company, Ltd., and owned by Peter R. Kellogg, and what role each may have played in denying him benefits to which he was entitled.

In a Reply (docket no. 15), filed September 9, 2013, TGA argues that Meighan cannot meet the substantial burdens to "pierce the corporate veil" to impose liability on any corporate entities that may be related to TGIC. TGA argues that common ownership of the various entities is not enough.

7

## II.   LEGAL ANALYSIS

### A.   *TGA's Challenges To Personal Jurisdiction, Sufficiency Of Process, And Service Of Process*

I will assume, without deciding, that this court has personal jurisdiction over TGA, because TGA has sufficient contacts with Iowa, arising from its involvement with the various insurance contracts for residents of this state, including Meighan. I will also assume, again without deciding, that process and service of process are adequate, because Meighan has *alleged* breach-of-contract and bad-faith claims against TGA, which would permit service upon the Iowa Secretary of State. I do so, because, even assuming that the parts of TGA's Motion To Dismiss Plaintiff's Amended Complaint seeking dismissal pursuant to Rule 12(b)(2), (b)(4), and (b)(5) should be denied, Meighan has failed to state claims against TGA upon which relief can be granted, and dismissal of his Amended Complaint is appropriate pursuant to Rule 12(b)(6).

### B.   *TGA's Challenge To The Statement Of Claims*

#### 1.   *Applicable Standards For Dismissal Pursuant To Rule 12(b)(6)*

TGA seeks dismissal of Meighan's Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). As the Eighth Circuit Court of Appeals recently explained,

> We review de novo the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

8

> true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *accord Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter*, 686 F.3d at 850); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (stating the same standards). Courts consider "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney*, 700 F.3d at 1128 (quoting *Iqbal*, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id*. (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)).

The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Id*. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id*. at 1129. Thus,

> [w]hile this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *[Bell Atl. Corp. v.] Twombly*, 550 U.S. [544,] 555, 127 S.Ct. 1955 [(2007)]).

9

*Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Whitney*, 700 F.3d at 1128 (stating the same standards).

In assessing "plausibility," as required by the Supreme Court in *Iqbal*, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)). A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n.3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

### 2. *Analysis*

#### a. *Matters outside the pleadings*

Both TGA and Meighan have attached various documents to their motion to dismiss and resistance, respectively, even though no documents were attached to either Meighan's original Complaint or his Amended Complaint. On the Rule 12(b)(6) part of TGA's Motion To Dismiss Plaintiff's Amended Complaint, the only part that I will consider on the merits, I conclude that I can *only* consider the attached insurance contract, or excerpts from it, as a document "integral to the claim," notwithstanding

10

that it was not expressly incorporated into Meighan's pleadings, even by reference. *Miller*, 688 F.3d at 931 n.3 (internal quotation marks and citations omitted). It does not appear that the parties dispute the authenticity of these attachments to their Motion and Resistance, respectively, *see id.*; Meighan only challenged TGA's failure to include the entire insurance document.

Considering the insurance contract, however, does not mean that I construe Meighan's Amended Complaint as incorporating any arguments that he makes in his Resistance about the contractual basis for his contentions that TGA and TGIC can both be liable on his claims. To put it another way, those arguments are not *factual allegations in the Amended Complaint* about certain provisions of the contract that make plausible his legal conclusions that TGA and TGIC are individually and jointly engaged in the wrongful conduct at issue and are "jointly and severally liable" for it. Indeed, nowhere in the Amended Complaint does Meighan even incorporate the underlying contract by reference.

### b. *Plausibility of Meighan's allegations of joint wrongdoing*

As a brief aside, Meighan's original Complaint was woefully inadequate to state any claim against TGA. Indeed, it failed to allege that TGA, the agent—as distinct from TGIC, the insurer—engaged in any wrongful conduct at all. Thus, in the most literal sense, it failed to state a claim against TGA upon which relief can be granted. FED. R. CIV. P. 12(b)6). Again, there were only two indirect reference to TGA engaging in any wrongful conduct at all: (1) that "*Defendants* had no reasonable basis for denying Meighan's claim when the December 1, 2011 notice was issued," Complaint, ¶ 34 (emphasis added); and (2) that "*Defendants* knew or had reason to know on December 1, 2011, that their denial was without a reasonable basis," Complaint, ¶ 35 (emphasis added). These allegations were, at best, conclusory and impertinent allegations as to TGA, because there was no allegation of a plausible

11

factual basis to impose upon TGA any obligation at all to determine whether or not there was a basis to grant or deny Meighan's claim of insurance benefits. *Richter*, 686 F.3d at 850. Even reading the allegations in the original Complaint as a whole, the original Complaint alleged no plausible factual basis for TGA's liability on either the breach-of-contract or the bad-faith claim. *Whitney*, 700 F.3d at 1128. Rather, there were—at most—"naked legal conclusions" on which Meighan attempted to hang TGA's liability. *Id*.

Meighan's contention that his Amended Complaint has cured any deficiencies in the statement of claims against TGA fares no better. Meighan has attempted to overcome his failure to reference TGA's conduct as the basis for any claim against it by the simple expedient of alleging that TGIC and TGA individually and jointly engaged in the wrongful conduct at issue and then changing all of the former references to "Transguard," meaning *only* the insurer, to "Transguard" or "Defendants," meaning *both defendants* "collectively." Again, these are simply "naked legal conclusions" that TGA and Transguard are so related or are alter egos of each other that they are both "jointly and severally liable." *Id*. Meighan pleads no *facts—not even any provisions of the insurance contract*—that would plausibly suggest that TGA as well as TGIC "assumed joint and several responsibility for the payment of insurance benefits and administration of the Policy." Amended Complaint, ¶ 19. Certainly, an allegation that two entities, both of which have "TransGuard" in their names, use "TransGuard" to identify themselves, *see id*. at ¶ 22, falls well short of any factual allegation plausibly suggesting that the two entities are alter egos, rather than entities related in some corporate fashion, but pursuing different aspects of the insurance business. *Whitney*, 700 F.3d at 1128.

This is not a situation in which the court is impermissibly demanding documentation for purposes of assessing the plausibility of a claim, let alone a case in

12

which such documentation might be exclusively in the hands of the very people against whom the plaintiff is attempting to state a plausible claim. *Cf. id*. at 1129. Rather, it is a situation in which the Amended Complaint provides no factual basis to support the plausibility of allegations of joint action by TGIC and TGA, comparable to the plaintiff's factual pleadings in *Whitney* that he made payments of specific sums on specific days for the specific purpose of acquiring ownership in various corporations to support the plausibility of his allegations that he was a part owner in the corporations, notwithstanding his inability to produce at the pleading stage any documentation of ownership. *Id*. at 1129.

I doubt that Meighan even *could* plead a factual basis to support the plausibility of his allegations of joint action by TGIC and TGA, or that he even *could* provide evidence to support that allegation at a later stage. Meighan has, at most, belatedly identified, in his Resistance To Defendant [TGA's] Motion To Dismiss Plaintiff's Amended Complaint (docket no. 14), ¶ 7, certain terms of the insurance contract that suggest that TGA was TGIC's "authorized agent." He has identified Plaintiff's Resistance To Motion To Dismiss (docket no. 9), Exhibit 3 at 3, which identifies TGA as one of TGIC's "authorized representatives," and suggests that this means that TGA is included in the "We" obligated under the contract to pay occupational injury benefits, *see id*. at 27 (definition of "We, Us, or Our" in the contract as TGIC "or its authorized representatives") & 29-30 (stating that "'We' will pay the Weekly benefits described below to the 'insured person'. . . .").[1] However, even supposing that the

---

[1] In his Resistance To Defendant [TGA's] Motion To Dismiss Plaintiff's Amended Complaint (docket no. 14), ¶ 7, Meighan misidentified these provisions of the insurance contract as appearing in "Exhibit A" to his Resistance (docket no. 9) to TGA's original Motion To Dismiss. The only exhibits to Meighan's Resistance to TGA's original Motion To Dismiss are *numbered* 1 through 3. Meighan also
13

Case 3:13-cv-03024-MWB   Document 18   Filed 10/11/13   Page 13 of 16

identification of these contract provisions *in his Resistance* might raise genuine issues of material fact that TGA was responsible under the contract, that is not the question on TGA's Motion To Dismiss. *Id.* Rather, the question is whether, *in his Amended Complaint*, "[Meighan] has adequately asserted facts (as contrasted with naked legal conclusions) to support [his] claims." *Whitney*, 700 F.3d at 1129. Meighan has not done so *in his Amended Complaint*.

Therefore, TGA is entitled to dismissal of Meighan's claims against it in the Amended Complaint for failure to state claims upon which relief can be granted.

### C. *Another Opportunity To Replead Claims*

Meighan has not sought leave to replead his claims against TGA, if I determine that they are insufficiently pleaded, but only requested that I allow discovery before dismissing those claims. Generally, a party must state claims upon which relief can be granted, before he is entitled to seek discovery on those claims. Meighan's proper course would have been to make a conditional request to replead his claims against TGA, once again, if I found them deficient as pleaded in the Amended Complaint, or he could now seek leave to do so post-dismissal. *See, e.g., Plymouth County, Iowa, ex rel. Raymond v. MERSCORP, Inc.*, 287 F.R.D. 449, 457-58 (N.D. Iowa 2012) (distinguishing the standards applicable to a conditional request to amend from the standards applicable to a post-dismissal request for leave to amend, citing *In re Iowa Ready–Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 977-78 (N.D. Iowa 2011)). I have previously concluded that the standards for post-dismissal leave to amend are more stringent than the "freely given" standard stated in Rule 15(a)(2). *Id*. at 462-64 (citing *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823-24 (8th

---

misidentified the page numbers of the pertinent exhibit on which cited provisions of the insurance contract allegedly appeared.

Cir. 2009)).  Considerations include whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.  *Id*. at 464.

Here, Meighan did not simply stand on his original Complaint, in the face of TGA's original Motion To Dismiss, but he did the nearest thing to that, in his attempt to cure deficiencies identified by TGA, by using the simple expedient of amending his complaint to allege that TGIC and TGA individually and jointly engaged in the wrongful conduct at issue and are "jointly and severally liable" for it, and then changing all of the former references to a single defendant to mean both defendants "collectively."  *Cf. id*.  It is clear that Meighan's legal theory has always been that TGA and TGIC are jointly and severally liable for the misconduct in question, but he has so far utterly failed to plead a factual basis that would make such a legal theory plausible.  *Cf. id*.  What is particularly disturbing here is that, despite Meighan's apparent recognition of some facts that might support his claims of joint and several liability—the contractual basis for such an allegation—he has *twice* failed to plead it.  *Cf. id*.  Moreover, I believe that the inferential leap from identification of TGA as an "authorized agent," for the purpose of obtaining and servicing a policy, to "authorized representative," who would be obligated to pay benefits under the policy, is so great (and so legally inadequate) that it appears to me that any attempt that Meighan might make to plead an adequate factual basis to make his claims of joint and several liability plausible is entirely futile.  *Cf. id*.  Thus, I will *not* allow Meighan a further opportunity to replead his claims against TGA.

15

### III. CONCLUSION

Upon the foregoing,

1. TGA's July 22, 2013, Motion To Dismiss (docket no. 6) is **denied as moot**.

2. TGA's August 19, 2013, Motion To Dismiss Plaintiff's Amended Complaint (docket no. 10) is **granted**, and that Meighan's claims against TGA in his Amended Complaint (docket no. 8) are **dismissed,** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state claims upon which relief can be granted. Meighan will *not* be allowed a further opportunity to repleading his claims against TGA.

This case will proceed only on Meighan's claims against TGIC.

**IT IS SO ORDERED**.

**DATED** this 11th day of October, 2013.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA