IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Michael J. Meighan,<br><br>                Plaintiff,<br><br>vs.<br><br>TransGuard Insurance Company of America, Inc.,<br><br>                Defendant. | CASE NO. 3:13-cv-03024-MWB<br><br>PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES SERVED SEPTEMBER 27, 2013 |

    Plaintiff Michael J. Meighan (hereinafter Meighan) requests an order from this Court to compel Defendant TransGuard Insurance Company of America, Inc. (hereinafter TransGuard) to respond to Interrogatories No. 1, 2, 3, 4, 6, 7, 8, 10, 12, 17, 18 and Request for Production of Documents No. 2, 3, 4, 10, 11, 12, 13, 15, 17. In support of his Motion Meighan states:

    As demonstrated by the TransGuard discovery responses and communications between counsel from September 27, 2013 to the present, TransGuard has delayed and evaded Meighan's request for facts to support TransGuard's defense of this matter.

    Meighan's requests and Defendant's responses are attached hereto as Attachment 1.[1]

---

[1] The TransGuard discovery responses and privilege log are unsigned but that is not presently an issue between the parties.

The undersigned certifies that Meighan has in good faith conferred or attempted to confer with TransGuard's legal counsel to obtain disclosure and discovery without Court action, as required by Federal Rule of Civil Procedure 37(a)(1). The required Declaration under Local Rule 37(a) is attached as Attachment 2.

Attachment 3 is copies of communications between counsel regarding discovery.[2]

Attachment 4 is the privilege log provided by TransGuard on December 18, 2012.

In support of his Motion Meighan further states:

Interrogatories

---

[2] ATTACHMENT 3: Communications between counsel in good faith attempt to resolve discovery disputes:

Meighan 11/5/13 email objecting to boiler plate answers to discovery:

TransGuard November 6, 2013 email

November 7, 2013 Meighan's faxed letter regarding failure to respond to discovery requests

TransGuard's 11/8/2013 letter with explanation of objections to discovery requests

Meighan November 11, 2013 email regarding comments to 11/8/2013 letter with attached comments

Meighan 11/26/13 letter regarding discovery failures

TransGuard 11/27/13 email promising additional information

Meighan 12/5/13 request for promised supplemental responses

Meighan 12/12/13 Request for a Supplement to Request for Production of Documents and TransGuard response

Meighan's December 16, 2013 statement of insufficiency of discovery responses

December 18, 2013 emails

2

**Interrogatory No. 1** (Summaries of Expected Testimony)- Meighan asked TransGuard to identify people who know something about this case and to summarize what they know. TransGuard's supplemental answer identifies individuals but TransGuard has failed to provide a "detailed summary of the person's expected testimony". For example, Patricia Sobus is the claims handler who stopped Mr. Meighan's benefits. Information about her expected testimony is critical to Meighan's case preparation. Patricia Sobus' deposition has been requested but could not be scheduled until January 28, 2014. Prior to the deposition a detailed summary of her expected testimony along with her files and any recorded conversations should be produced. TransGuard's vague statement that "Patricia will testify regarding her review and evaluation of various documents, including medical records, as well as her discussions and other communications with Michael Meighan and Jackie Armstrong" does not provide information about the facts known to this witness.

Similarly, Meighan needs a summary of the expected testimony of Christy Skallas, Eddy Nunez, Kathy Maish, Miriam Carrion, Judy Kelly and Marge Naughton who are TransGuard employees currently working or retired from the Naperville, Illinois office.

**Interrogatory No. 2** (Identification of Decision Makers) TransGuard sent Meighan a "deletion of all coverage" notice on

3

December 1, 2011; TransGuard stopped benefit payments to Meighan on February 13, 2012, and TransGuard sent a letter regarding the cessation of his benefits on February 22, 2012. For each of these three dates Meighan has requested the identity of the decision makers, their contribution to the decision, the date of the contribution and the identity of the person who they report to. TransGuard's answers state that Patricia Sobus was the adjuster on the referenced dates but fails to confirm whether she was the sole decision maker for each of these three decisions.

**Interrogatory No. 3 & 4** (Facts to support TransGuard denial of allegations). TransGuard denied that it stopped benefits on February 13, 2012, without prior notice to Meighan (paragraph 42 of Second Amended Complaint) and also denied that Dr. Hieb on or about February 22, 2012, again confirmed to TransGuard and/or its representatives her opinion that Meighan's injury was caused by the accident of August 1, 2011 and was not attributable to any preexisting condition (paragraph 45 of Second Amended Complaint). Meighan is not asking for mental impressions of an attorney but the facts that are the basis for the denial of the allegations. No supplemental response has been forthcoming from TransGuard beyond its initial objection.

**Interrogatory No. 6** (Facts to support denial of allegations). Meighan alleged that TransGuard did not have a

reasonable basis on February 22, 2012 to deny payment of benefits to Meighan in paragraph 46 and 49 of the Second Amended Complaint and requested the factual basis for TransGuard's denial. TransGuard has not provided a factual basis for its denial.

**Interrogatory No. 7** (Explanation for 2/13/12 stop of benefits) TransGuard's answer is vague and incomplete. TransGuard states that the benefits cessation was due to multiple factors including medical records that raised coverage issues. The medical information available to the claims handler on February 13, 2012, and the dates that the claims handler received such information are critical to an understanding of whether or not TransGuard acted in good faith when stopped benefits on February 13, 2012.

**Interrogatory No. 8** (Identity of other insureds denied benefits by Sobus). Meighan has asked for the identity of insured individuals by name, date and basis or bases for denial for any and all denials of coverage in which Patricia Sobus was involved for a three year period. This request is limited in scope to Patricia Sobus denials and limited to a three year period. This request is relevant because if Patricia Sobus has acted unreasonably in response to other requests for benefits under policies offered by TransGuard, that information is relevant to Meighan's argument that TransGuard has acted in bad

5

faith with respect to the denial of his claim. Meighan does not suggest that such evidence would be conclusive evidence of bad faith, it is relevant evidence. Whether or not it is admissible would be left to the scrutiny of the Court at a later time.

**Interrogatory No. 10** (Dates, times and summaries of investigation communications). Meighan requested the dates and times that Patricia Sobus communicated with Adam C. Johnson and/or Daniel Farmer regarding Meighan's claim. Meighan's response refers generally to "documents produced". Meighan received documents mailed by TransGuard on December 12, 2013, which have not been Bates stamped and have not been described by TransGuard. Meighan requests a clear statement that all correspondence and emails between Adam Johnson and Patricia Sobus and Daniel Farmer have been produced. Meighan further requests either a summary of all verbal communications about him or a statement that no such verbal communications occurred.

**Interrogatory No. 12** (Other denied claims for failure to update medical records). Meighan has requested the name, date and policy number of every individual who has been denied insurance coverage by TransGuard where at least one of the stated reasons was a failure to update medical records, where the request for the update occurred less than 45 days before the denial, within the past 10 years. Meighan agreed to limit his request to a three year period. TransGuard has refused to

6
Case 3:13-cv-03024-MWB   Document 29   Filed 12/27/13   Page 6 of 12

respond. Meighan is willing to stipulate to a protective order to protect the privacy of the insureds and submits that this information is relevant to his allegation that TransGuard has acted in bad faith because if a denial was part of a pattern and practice of denials of coverage, that information is relevant.

**Interrogatory No. 17** (Identification of person to explain TransGuard's relationship to its affiliates). Meighan has questions regarding whether or not the multiple corporate entities in the TransGuard Insurance Company of America family of Peter Kellogg Corporations, is truly an independent corporation or whether it operates as one arm of a large organization subject to common policies and centralized control. In Interrogatory No. 17 Meighan requests the name of an individual with knowledge of TransGuard's relationships to its affiliated business entities reflected on Attachment 3 to the Second Amended Complaint and who has authority to represent TransGuard. This question is relevant to information that could lead to the admission of evidence regarding whether TransGuard's culpable conduct should be deterred based upon the assets of TransGuard only or also the assets of its affiliates and owners.

**Interrogatory No. 18** (Does Sobus benefit financially when she denies or limits claims?). Meighan would like to know whether or not there is a financial incentive for Patricia Sobus to deny benefits to insured individuals. TransGuard's narrow

7
Case 3:13-cv-03024-MWB   Document 29   Filed 12/27/13   Page 7 of 12

response that Patricia Sobus is salaried and that she does not receive a bonus or other financial incentive for the handling of *the Plaintiff's claim* is too narrow to be a responsive answer to the question. Meighan would like to know whether or not Patricia Sobus has a financial incentive to limit the number of claims for which she awards benefits and whether or not she has a financial incentive to limit the dollar amounts paid on the claims.

### Request for Production of Documents

TransGuard has produced documents without description in their responses and without Bates stamps; their responses generally object to the request for production and then without waiving the objection refer vaguely to documents enclosed. These responses do not enable Meighan to determine whether or not TransGuard is withholding documents that have not been described on the privilege log emailed to Meighan on December 18, 2013. Specifically:

**Request for Production No. 2** (Documents about Meighan and his claim). Meighan would like copies of documents in the possession of TransGuard concerning him, his policy and the claims he has made. In response TransGuard objects but then supplements the objection without waiving it and refers generally to additional documents. Meighan requests either a statement that there are no further documents or a list of any

documents withheld and a statement of the reason they have been withheld.

**Request for Production No. 3** (TransGuard's claims handling and appeals process). Meighan has alleged a bad faith denial of his insurance claim. He is entitled to understand TransGuard's policies that set forth the claims handling process and any appeals process. Meighan submits that any policies or memoranda about claims handling policies are not subject to privilege because they reflect the regular business of an insurance company. Even if TransGuard has retained an attorney to develop a claims handling process to guide its claims adjusters, that information should be discoverable because it is relevant to the claim that TransGuard acts in bad faith when it denies policies.

**Request for Production No. 4** (Claims Adjuster file). Patricia Sobus is the claims handler, she denied Meighan's claim, and her file is discoverable and relevant. If part of her file is protected by the attorney/client privilege, that does not shield her entire file.

**Request for Production No. 10** (Documents about Meighan's injury). TransGuard objected and then stated that "some" documents were produced. Meighan requests either a statement from TransGuard that all material responsive to Request for Production No. 10 has been produced or a list of the material

withheld and a reason for TransGuard's refusal to produce the material.

**Request for Production No. 11** (Documents supporting defenses). TransGuard objects and then states that some documents have been produced. Meighan requests a statement that all material responsive to this request has been produced or a list of the material withheld with an explanation for the reason it has been withheld.

**Request for Production No. 12** (Material from investigators). Meighan has asked for material prepared by Adam Johnson and IAT investigators. TransGuard objects then states that some documents are enclosed. Meighan requests either a statement that all requested material has been produced or a list of the material not produced with an explanation for the reason it has not been produced.

**Request for Production No. 13** (Communication between TransGuard and Meighan). TransGuard claims privilege without explanation and then refers to "documents" produced. Meighan requests either a statement that all documents requested have been produced or a list of the withheld documents with a reason for withholding.

**Request for Production No. 15** (Documents from or to Sobus about Meighan). Meighan has requested all documents prepared by Patricia Sobus or addressed to Patricia Sobus relating to

Meighan in any way including handwritten notes. TransGuard objects then refers to "documents". Meighan requests a statement that either all such documents have been produced or a list of documents withheld with a reason for TransGuard's refusal to produce.

**Request for Production No. 17** (TransGuard financial statements). Meighan requested all corporate financial statements reflecting the accounting practices, balance sheets, income or profit and loss statements or audits performed by third parties of TransGuard in 2010, 2011, 2012 and 2013. This request is relevant to the size and financial assets of TransGuard which is relevant to a determination of the punitive damages.

A Brief in support of this Motion is attached hereto as Attachment 5.

Respectfully submitted,

BROWN, KINSEY, FUNKHOUSER
& LANDER, P.L.C.

By _____
Jackie D. Armstrong   AT0000542
Email: jdarmstrong@iabar.org

By _____
Travis M. Armbrust   AT0011575
Email: tmarmbrust@iabar.org
214 North Adams
P.O. Box 679
Mason City, Iowa 50402-0679
Phone: 641-423-6223
Fax:   641-423-9995
ATTORNEYS FOR PLAINTIFF

11

ORIGINAL FILED
COPY ELECTRONICALLY SENT TO:

Michael S. Jones
Benjamin R. Merrill

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleadings on ___December 27___, 2013

By:
- [ ] U.S. Mail
- [x] **Electronically**
- [ ] Overnight Courier
- [ ] Fax
- [ ] Clerk
- [ ] Courthouse Box

Signature _____

12
Case 3:13-cv-03024-MWB   Document 29   Filed 12/27/13   Page 12 of 12