IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Michael J. Meighan,<br><br>              Plaintiff,<br><br>vs.<br><br>TransGuard Insurance Company of America, Inc.,<br><br>              Defendant. | CASE NO. 3:13-cv-03024-MWB<br><br>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES SERVED SEPTEMBER 27, 2013 |

     Plaintiff Michael J. Meighan (hereinafter Meighan) submits this Brief in support of his Motion to Compel responses to his discovery. Defendant Defendant TransGuard Insurance Company of America, Inc. (hereinafter TransGuard) has detailed and extensive objections to Meighan's discovery requests, which will be addressed in three arguments: I. Objections based upon privilege and work product are not supported by the facts; II. Objections based on relevance are not supported by the facts; III. Other miscellaneous objections fail to meet TransGuard's burden of showing justification for withholding evidence; and IV. TransGuard's responses are too narrow and limited to meet the liberal discovery rules in the Federal Rules of Civil Procedure.

     The following summaries are not meant to narrow TransGuard's objections, which are set forth in full in the

Attachment 1 to this Motion. These four categories of argument are an attempt to simplify the discovery dispute discussion for the Court.

### I. TransGuard objections based upon privilege and work product.

TransGuard has asserted privilege and work product objections to Meighan's request for documents to support TransGuard's defenses (RFP No. 11); documents prepared by investigators (RFP No. 12); documents prepared by the claims aduster Patricia Sobus about Meighan (RFP No. 15); facts that support denials in TransGuard's Answer to the Second Amended Complaint: TransGuard's denial that benefits stopped on February 13, 2012. (Interrogatory No. 3 referencing paragraph 44 - Complaint, paragraph 42 - Second Amended Complaint; TransGuard's denial that their expert (Dr. Hieb) confirmed on February 22, 2012, that Meighan's condition was caused by his work injury (Interrogatory No. 4 referencing paragraph 47 - Complaint, paragraph 45 - Second Amended Complaint); and TransGuard's denial that TransGuard did not have a reasonable basis on February 22, 2012 to deny payment of benefits to Meighan (Interrogatory No. 6 referencing paragraphs 46 and 49 of Second Amended Complaint.)

TransGuard also raised privilege and work product objections to Meighan's request for dates, times and summaries of investigation communications (Interrogatory No. 10).

TransGuard also raised privilege and work product objections to Meighan's request for the production of TransGuard policies about claims handling and the appeals process (RFP No. 3); the claims' adjuster's file (RPF No. 4); and communications between Meighan and TransGuard (RFP No. 13).

TransGuard bears the burden of proving a factual basis to establish the applicability of privilege as a bar to discovery. See Rabushka ex rel. U.S. v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997). Furthermore, TransGuard must produce a detailed privilege/work product log that complies with Federal Rule of Civil Procedure 26 and that specifically describes "the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged, or protected, will enable other parties to assess the claim." Federal Rule of Civil Procedure 26(b)(5)(A). TransGuard's Privilege Log is attached hereto as Attachment 4. This log fails to enable Meighan or this Court to assess TransGuard's claim their withheld information is protected. If TransGuard does not waive its privilege by calling Charles Sutton, Jr., an attorney, as a witness to provide information in this case, then Meighan does not request any documents or information relating to his *legal* services. To the extent that Charles Sutton Jr. provided claims investigation services for TransGuard, Meighan then requests all documents and information that was not specifically prepared in

anticipation of litigation. Meighan's interpretation of this legal standard as it applies to this case is that TransGuard should produce all documents and information gathered prior to July 10, 2012. The July 10, 2012, date is the date that Charles Sutton, Jr. wrote to the undersigned and set forth legal arguments to support TransGuard's decision to deny benefits. Documents and information from the claims handler and the investigators and reviewers prior to July 10, 2012, were not prepared in anticipation of litigation and should be produced because they were "claims investigation" and were prepared in the regular course of TransGuard's insurance business. Privilege, where it exists, should be strictly construed due to its "…adverse affect of its application on the disclosure of truth…." Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 602 (8th Cir. 1977); Miller v. Continental Ins. Co., 392, N.W.2d 500, 504 (Iowa 1986).

The broader work product objection which extends to the work of non-attorneys cannot shield the production of documents unless they were prepared in anticipation of litigation.

The test for determining whether or not information was prepared "in anticipation of litigation" is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 604 (8th

Cir. 1977), quoting 8 Wright & Miller, op. cit. pp.198-99. The nature of the insurance business is to investigate a claim prior to determining whether to pay the insured and thus pre-litigation investigation is the routine business of TransGuard and is discoverable. Unlike the plaintiff in Miller v. Continental Ins. Co., 392 N.W.2d 500, 506 (Iowa 1986) who was granted only partial access to the insurance company files about him and his claim, that plaintiff based his bad faith claim on narrow grounds: the purposeful delay in responding to his calls in order to let the statutue of limitations run against his claim. Meighan alleges that TransGuard engaged in a persistent course of conduct to avoid paying his claim and the entire claim adjuster's file is relevant to his allegations.

## II. Relevance objections.

TransGuard has declined to provide financial information regarding the corporation in 2010, 2011, 2012 and 2013 (RFP No. 17) and has refused to provide the name of someone who can clarify the relationship between the multiple corporate entities who have relevance to Meighan's case such as IAT (the investigators) and who are reflected on the organizational chart, attachment 2 to the Second Amended Complaint. These requests are relevant to discovery of admissible evidence regarding the proper scope of punitive damages and the proper identification of parties.

TransGuard has also objected to requests for information about Patricia Sobus' claims denials and TransGuard denials for failure to update medical information-the reason stated by Sobus on February 22, 2012 for stopping benefits. (Interrrogatories 8 and 12). These inquiries are directed at one element of proof for a punitive damage claim: whether TransGuard's alleged bad faith in this case is an "isolated instance" or a "persistent course of conduct". Midwest Home Distributor, Inc. v. Domco Industries, Ltd., 585 N.W.2d 735,743 (Iowa 1998); Wolf v. Wolf, 690 N.W.2d 887, 893 (Iowa 2005). TransGuard has also raised relevance objections to Meighan's request for the identification of someone who represents TransGuard and who knows whether Patricia Sobus, the claims adjuster, has a financial incentive to deny claims or limit the dollars paid on claims (Interrogatory No. 18).

**III. Other objections.**

Meighan has asked TransGuard to identify all decision makers on three dates that TransGuard took actions affecting Meighan: December 1, 2011, February 13, 2012 and February 22, 2012 (Interrogatory 2). TransGuard has objected that Meighan's request for the identity of the decision makers for each of these three dates, (the date a deletion of coverage notice was sent, the date benefits stopped and the date the claims adjuster sent a letter to Meighan about the stopped benefits) is "argumentative, states legal and factual conclusions not

supported by the record, calls for speculation and it is vague, overly broad and compound." TransGuard then supplemented this objection and stated simply that Patricia Sobus was the adjuster on each of these three dates. This answer is not responsive to Meighan's request for TransGuard to identify all of the decision makers.

IV. **Insufficient response.**

TransGuard, as noted in Attachment 1, initially objected to nearly all of Meighan's discovery requests and then gradually over time repeated the objections and without waiving the objections, provided limited information. Examples of this response is found in TransGuard's Supplemental Answers to Interrogatories 1,2,7,10 and 18 and Supplemental Response to Request for Production No. 2. Meighan cannot discern whether or not all information and material has been produced because of the refusal to waive the objection and because TransGuard has not "Bates stamped" or identified information it is producing or withholding. "In order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement,' the discovery rules mandate a liberality in the scope of discoverable material. <u>St. Paul Reinsurance Co., Ltd. V. Commercial Financial Corp.</u> 198 F.R.D.508 (N.D. Iowa 2000), citing <u>Jochims v. Isuzu Motors, Ltd.,</u> 145 F.R.D. 507, 509 (S.D. Iowa 1992) and other cases.

## CONCLUSION

Meighan requests an order from the Court for TransGuard to respond in full to his discovery requests and provide a detailed privilege log to enable the Court and Meighan to evaluate any claim that documents are privileged or protected by the work product doctrine.

>Respectfully submitted,
>
>BROWN, KINSEY, FUNKHOUSER
>& LANDER, P.L.C.
>
>By  /s/
>Jackie D. Armstrong   AT0000542
>Email:  jdarmstrong@iabar.org
>
>By  /s/
>Travis M. Armbrust   AT0011575
>Email:  tmarmbrust@iabar.org
>214 North Adams
>P.O. Box 679
>Mason City, Iowa 50402-0679
>Phone:   641-423-6223
>Fax:     641-423-9995
>ATTORNEYS FOR PLAINTIFF

ORIGINAL FILED
COPY ELECTRONICALLY SENT TO:

Michael S. Jones
Benjamin R. Merrill